UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS BECERRA QUINONES,

                        Petitioner,

            -against-

EMMERICH,

                        Respondent.

25-CV-3627 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at FCI Oxford in Adams County, Wisconsin, pursuant to his Florida conviction, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the execution of his sentence. For the following reasons, this petition is transferred to the United States District Court for the Western District of Wisconsin.[1]

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained in Adams County, Wisconsin, which is located in the judicial district of the United States District Court for Western District of Wisconsin. 28 U.S.C. § 130(b). Therefore, in the interest of justice, this Court transfers this petition to the United States District Court for Western District of Wisconsin. *See* 28 U.S.C. § 1406(a).

---

[1] Petitioner already has a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 pending in the United States District Court for the Western District of Wisconsin. *See Becerra Quinones v. Emmerich*, No. 3:25-CV-0025 (W.D. Mi.).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for Western District of Wisconsin. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes the case in the United States District Court for the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 5, 2025
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

2